# UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                                    Case No.: 1-:15-cr-10256-RGS

JERRY LEIVA,
        Defendant.

## DEFENDANT'S MOTION TO DISMISS REVOCATION PROCEEDINGS AND TO TERMINATE PERIOD OF SUPERVISED RELEASE

Defendant, Jerry Leiva, moves this Honorable Court as follows:

(i)     to terminate the period of his supervised release, pursuant to 18 U.S.C. sec. 3583(e)(1), or, in the alternative if not so inclined,

(ii)    to not revoke his supervised release upon any finding of a violation of probation, and continue his supervised release under the same terms and conditions.

## BACKGROUND

Defendant moves to have his supervised release terminated, or, in the alternative, to vacate any tolling imposed on the period of his supervised release. A chronological history of the Defendant's state court cases and the history of the instant indictment are set forth below as the basis for the Defendant's motion.

1. March 25, 2016: The Defendant was arraigned in the Suffolk County Superior Court in indictment number 1684 CR 00163. (Exhibit 1).

2. June 17, 2016: The Defendant was arraigned on the instant indictment and was remanded to state custody. (Docket Entry 95).

1

3. December 6, 2016: The Defendant plead guilty to counts 3-5, and 7-13 in Suffolk County Superior Court in indictment number 1684 CR 00163 on December 6, 2016. (Exhibit 1).

4. December 6, 2016: The Defendant's sentence in Suffolk County Superior Court in indictment number 1684 CR 00163 included a period of incarceration of not less than 2 years to not more than two years and 1 day on eight of the charges, and a period of probation on the remaining two charges. Defendant was given 18 months of probation, from and after the committed sentence, on counts 7 and 9 of the indictment. (Exhibit 1).

5. January 28, 2019: The Defendant plead guilty to counts 1 and 5 of the instant indictment. (Docket Entry 493).

6. April 30, 2019: The Defendant was sentenced to the Bureau of Prisons for 33 months, with three years of supervised release. (Docket Entry 548).

7. September 22, 2020: Supervision of the Defendant commenced. (Violation Report p.5, submitted 4/9/25).

8. February 3, 2021: An arrest warrant issued out of the Chelsea District Court for an allegation of a home invasion which was alleged to have occurred on January 13, 2021. This was in complaint 2114 CR 000084. (Exhibit 2).

9. February 3, 2021: The probation department in the Suffolk County Superior Court case in 1684 CR 00163 (Exhibit 1) filed a notice of probation surrender for the Defendant's new charges in complaint 2114 CR 000084 out of the Chelsea District Court. (Exhibit 1, entry 48).

10. February 4, 2021: The Defendant was arraigned in 2114 CR 000084 in the

Chelsea District Court, and held on $50,000.00 cash bail. (Exhibit 2).

11. February 23, 2021: The Defendant was held without bail in 1684 CR 00163 pending a final probation violation hearing. (Exhibit 1, entry 50).

12. April 27, 2021: The Defendant was found in violation of his probation in 1684 CR 00163, and sentenced to not less than 4 years and not more than 4 years and 1 day, on each of the counts for which he was on probation, to be served concurrently. (Exhibit 1).  The basis for the violation was the new offense in 2114 CR 000084.

13. January 12, 2022: The Defendant was arraigned in the Suffolk County Superior Court in 2184 CR 00703, and bail was set at $10,000.00 cash. (Exhibit 3).

14. February 11, 2022: The Chelsea District Court complaint in 2114 CR 000084 was dismissed at the request of the Commonwealth, because the Defendant was indicted in Suffolk Superior Court in indictment 2184 CR 00703. (Exhibit 2).

15. September 20, 2022: Final revocation hearing on the revocation of the Defendant's supervised release in the instant matter was set for December 8, 2022. (Docket Entry #738).  An assented to motion to continue this hearing to January 27, 2022 was field and allowed on December 8, 2022. (Doc. #739).

16. December 12, 2022:  Defendant wrote this court requesting to be brought to the court to address a warrant he had for a probation violation. (Doc. #748).

17. June 9, 2023: Defendant's then counsel in the matter pending before this court withdrew motions filed to rule on the admissibility of hearsay (Doc. #770) and to declare a witness unavailable (Doc. #778) and noted that the motions were moot

18. "given that the U.S. Probation Office has withdrawn its motion to revoke the defendant's term of supervised release." (Doc. #779).

19. July 12, 2023: The electronic notice cancelling the final hearing on revocation of the Defendant's supervised release was entered. (Docket Entry 783).

20. November 4, 2024: The Defendant's appeal of the order revoking his probation in 1684 CR 00163 was denied. (Exhibit 1, entry 74).

21. February 20, 2024: A nolle prosequi entered in each count of the indictment against the Defendant in 2184 CR 00703. (Exhibit 3).

22. The Defendant, however, had been sentenced to not less than 4 years and not more than 4 years and 1 day, on each of the counts for which he was on probation in state court, on a case that was ultimately dismissed.

23. On information and belief, the Defendant was released from this sentence on or about June 22, 2024.

24. January 21, 2025, a Petition for Summons from Probation as to the Defendant was filed. (Paper 881).

25. January 28, 2025, the court continued the initial appearance regarding revocation to be set at a later date. (Entry 891).

26. February 12, 2025, current counsel was appointed to the Defendant and a final hearing regarding revocation of supervised release was set for April 16, 2025. (Entry 906).   The hearing was cancelled on the same date. (Entry 907).

27. May 20, 2025, the Defendant was arrested and brought before the Court.  After hearing, the Defendant was released with an order of conditions.  (Entry 919).

28. On May 21, 2025, a final hearing of revocation date was set for June 25, 2025. (Entry 919).

29. June 23, 2025, the final revocation hearing date of June 25, 2025, was cancelled. (Entry 927).

30. October 10, 2025, the Defendant was before the Court on the issue of his detention. Defendant was released on conditions. (Entry 960).

31. December 1, 2025, a final revocation hearing on Defendant's supervised release was set for January 15, 2026. (Entry 964).

ARGUMENT

I. **THIS COURT SHOULD DENY THE REQUEST FOR REVOCATION AND TERMINATE AND DISCHARGE THE DEFENDANT FROM SUPERVISED RELEASE IN THE INTEREST OF JUSTICE.**

The Defendant's supervised release date commenced on September 20, 2020, and was to be for three years. Thus, the termination date was to be September 20, 2023, unless there was tolling of that end date.

A district court may "revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. sec. 3883(e)(3).

The Court's authority for early termination of supervised release is set forth in 18 U.S.C. § 3583(e)(1), which states:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. . . .

18 U.S.C. sec. 3624(e) provides that "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." 18 U.S.C. sec. 3624(e).

In the instant matter, the Defendant was held beginning on or about February 3, 2021, based on the Chelsea District Court complaint number 2114 CR 000084. That complaint led to Suffolk County Superior Court indictment 2184 CR 00703. That indictment had a nolle prosequi enter on February 20, 2024. The time from the initial state district court complaint until the nolle prosequi of the superior court indictment was over three (3) years. There was no conviction on that charge. Thus, there should be no tolling under 18 U.S.C. sec. 3624(e).

The initial revocation proceeding commenced in the instant matter in or around September 20, 2022, and a final revocation hearing on the revocation of the Defendant's supervised release was set for December 8, 2022. (Docket Entry 738). However, on July 12, 2023, an electronic notice cancelling the final hearing on revocation of the Defendant's supervised release was entered. (Docket Entry 783). This is a period of approximately ten (10) months.

In total, the time from the filing of the Defendant's initial revocation proceeding has been from September 20, 2022, through the present date. This is a period of approximately 3 years and 4 months.

As it relates to any tolling of the time for which the Defendant's period of supervised release, which was to expire on September 22, 2023, 18 U.S.C. sec. 3624(e) provides that "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." 18 U.S.C. sec. 3624(e).

Here, the Defendant was not sentenced on any new Federal, State, or local crime to warrant tolling of his supervised release, rather he was sentenced on a probation revocation matter in state court, for a state court case that was ultimately dismissed. That said, the Defendant concedes that such a sentence is within the meaning of 18 U.S.C. sec. 3624(e). See United States v. Harris, 118 F.4th 874 (7th Cir., October 2, 2024).

However, as to the relevant chronology, the Defendant notes the following:

i. December 16, 2016, Defendant received a committed sentence in Suffolk County Superior Court in 1684 CR 00163, to not less than 2 years and not more than 2 years and 1 day on eight charges, with 18 months of probation on two counts of the indictment.

ii. Defendant's state court committed sentence concluded December 17, 2017. His probation ended on or about June 17, 2019, the expiration of the 18 months of probation.

iii. January 28, 2019, Defendant pled guilty to counts 1 and 2 of the instant indictment. This was after the committed portion of his state sentence was

7

served, but while he was still on probation in Suffolk County Superior Court in 1684 CR 00163.

iv.    April 30, 2019, Defendant was sentenced in the instant matter for 33 months, with three years of supervised release.

v.    Defendant's state court probation concluded 18 months after his release in Suffolk County Superior Court in 1684 CR 00163. This would have been prior to September 22, 2020, when his supervised release took effect in this Court.

vi.    The Defendant had his probation revoked on April 27, 2021, in docket number 1684 CR 00163, and sentenced to not less than 4 years and not more than 4 years and 1 day, on each of the counts for which he was on probation, to be served concurrently. (Exhibit 1). The basis for the violation was the new

vii.    offense in 2114 CR 000084 – a state court case alleging home invasion, assault with a dangerous weapon, armed robbery, and assault to murder.

viii.    The case in 2114 CR 000084 was dismissed on February 11, 2022, at the request of the Commonwealth.

ix.    The Defendant was released from his state court probation revocation sentence on or about June 22, 2024.

Relevant Conduct

"[A]lthough exceptionally good behavior or extraordinary circumstances may justify early termination of supervised release, it is not necessarily a prerequisite to early

termination." *United States v. Stacharczyk*, 719 F.Supp. 3d 243, n.3 (W.D.N.Y. 2024); *see United States v. Melendez-Lebron*, No. 14-cr-201, 2024 U.S. Dist. LEXIS 174859, 2024 WL 4297021, at 1 (W.D.N.Y. Sept. 26, 2024). "The burden of proof for establishing entitlement to early termination of supervised release lies with the defendant." *United States v. Weiss*, No. 21-cr-00457, 2022 U.S. Dist. LEXIS 141905, 2022 WL 3214914, at 2 (S.D.N.Y. Aug. 9, 2022) (quotation and brackets omitted).

"Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). This strict test is necessary because supervised release is primarily designed to benefit defendants by creating structure and support in their lives and, in doing so, helping them overcome the many challenges and obligations of everyday life outside of prison. *Cf. United States v. Johnson*, 529 U.S. 53, 59, 120 S. Ct. 1114, 146 L. Ed. 2d 39 (2000) ("Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."); *United States v. Doyle*, 711 F.3d 729, 737 (6th Cir. 2013) (same). Supervised release provides defendants with the assistance of United States Probation Officers, who are highly trained experts in assisting defendants make the successful transition to non-prison life. Early termination of supervised release carries the risk of depriving a defendant of these benefits and interfering with the progress a defendant has made while on supervised release.

<u>Application of 18 U.S.C. sec. 3553 Factors</u>

The Defendant contends that that his conduct, and his prior sentence to state court for a violation of probation – based upon a serious offense that was eventually dismissed, warrant early termination of his supervised release, and are consistent with the applicable factors under 18 U.S.C. sec. 3553.

On information and belief, the Defendant has not picked up any new criminal charges since his release from his incarceration on his violation of probation.  He has maintained employment, has a steady residence, and has the support of those he lives with, including his grandmother, father, and girlfriend.  The Defendant's issues have been with the occasional positive drug screen and issues with respect to counseling.  However, he has made his best efforts to get into his mandated counseling and, at times, has encountered obstacles due to either the location of the counseling, or the timing and demands of the counseling in relation to his work obligations.

The Defendant was sentenced to a term of 4 years and 4 years and 1 day for a violation of probation for an offense that was later dismissed at the request of the Commonwealth in state court.  The Defendant asks this period of time, concededly excused from tolling of the period of supervised release in the instant matter, nevertheless be considered in the Court's analysis.

## CONCLUSION

**WHEREFORE,** based on the foregoing, as well as argument to made at hearing, the

Defendant requests this Honorable Court:

(iii)   Dismiss the revocation proceedings against him and terminate his supervised

release; or

(iv)   Not revoke his supervised release upon any finding of a violation of

probation, and continue his supervised release under the same terms and

conditions.

Respectfully submitted,

Jerry Leiva, Defendant,
By his attorney,

James M. Caramanica, Esq.
BBO 565882
Law Office of James M. Caramanica, P.C.
120 N. Main St., Suite 306
Attleboro, MA 02703
(508) 222-0096
Email: caramanicalaw@gmail.com

Dated: 1/8/26

### CERTIFICATE OF SERVICE

I certify that a copy of this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

James M. Caramanica